Good morning, your honors. Jan Norman on behalf of the petitioner Curtis Clayton, and I'd like to reserve two minutes for rebuttal. This is a case that turns logic on its head. My client was convicted years ago, went through the whole state appellate process, the federal habeas process, and was denied. Years later, the California electorate, California legislature, passed this rule saying you could reduce your 25 years to life if you met certain criteria. In fact, the statute says if the court finds you are eligible, it shall do blah, blah, blah. So my client applies to have his sentence reduced, and it's denied. And then he files in the district court a new habeas, and everybody says stop. This is a second or successive petition. That's because he had filed one on his original conviction? This is correct. But the problem is there is no way that the theory of a second or successive petition is one where you could have raised it before and you didn't, and the only way you pass into the get to do it again is if there's a newly discovered fact that you couldn't find. If there's a new rule of constitutional law, there's some sort of claim of innocence. None of those apply to my client. So he's not going to be able to come back with a second or successive petition. But there is no way that he could have presented this claim back when he presented the original petition. The law did not exist. It's not a matter of constitutional law. It's a matter of state law. The law did not exist. And if you look at the logic of the district court, the district court says, well, this is a judgment. It's an attack on the judgment. Therefore, it's second or successive. But then the court goes on to say, now, Mr. Clayton could have filed a petition and it wouldn't have been second or successive if he had won and had his judgment modified. Well, obviously, if he'd had his judgment modified, he wouldn't have wanted to appeal. But because he lost, it's now, you know, has to be a second or successive petition. I submit to the court that the focus here is not whether he's a he is not attacking the original judgment. He is not attacking the sentence. He is not attacking the convictions. What he is doing is equivalent to challenging the denial of a parole date or parole release date. And this court said in Hill v. Alaska, that's not an attack on the original judgment. So this is like a new proceeding independent of the judgment. Absolutely not. I mean, theoretically, you could say, well, because if he prevails, his sentence will be reduced and his sentence is a judgment, therefore, it's a judgment. But that makes no sense logically. And for the reasons I set forth in my papers, I do not think that Magwood is the only issue we have to decide is whether or not this is a successive petition. Well, you have to decide that and then you have to decide whether it's a cognizable issue. Do we have to decide that or is that for the district court? Well, it was asked whether or not it was a cognizable issue. And obviously, if it wasn't, there would be really no reason to figure out the first question. Why? I'm sorry. So let me ask you. So the question is whether or not this motion that he filed and the ruling on it, the new habeas petition, just forget what the claim is, but it's based on that, the substantive claim, but it's based on that order, right? I'm sorry. I'm not following what the question is. There is, what you're trying to do in this new petition is to challenge the validity of the order denying his motion to correct the judgment. Correct.  Yes. That's the order. Okay. Now, he could have a number of theories about why that he was, his constitutional rights were denied. Correct. But when we decide whether or not that's a successive petition, do we have to, should we look to see whether, at the merits, to look at the nature of the claim in order to decide whether it meets the test of being successive? No. You just said yes. Well, I'm sorry. I said, I know. I'm confused, Your Honor, here, because the order actually asked to address the issue as to whether, the order from the Ninth Circuit on the, you know, certificate of appealability asked whether it was cognizable. And I originally was. No, it asked whether or not we should consider cognizability. All right. When we make a success, when we make the determination as to whether or not a second petition is, qualifies as successive or, you know, it's a successive petition. Yes, Your Honor. And I, when I, my first answer was no. You address the first issue, is it first, is it successive or not. If it's not successive, it goes back to the district court and let the district court figure it out. That's what Judge Friedman just suggested. Exactly. And then I thought, well, maybe the court wants to determine if it's not a, if it is cognizable. And I was right with that. So my original, my original position and I still is, no, you don't have to decide the cognizability. If you did want to decide the cognizability, it is, it does state a federal claim. So I'm sorry if I was confusing in my answer before, but that is my, my position. Okay. And if the court has no further questions. Thank you. May it please the court. Michael Keller on behalf of the warden. Petitioner is currently in custody as a result of a 1997 judgment in which he was convicted of robbery and carjacking. And he was sentenced to a term of 25 years to life under California's three strikes law. Because there was a 2002 petition that district court denied on the merits, he needs authorization to file a second petition. Petitioner's argument is. There are exceptions to that rule though. Well, petitioner's argument that's been raised here, your honor, is that I'm not going after my original judgment. I'm challenging the denial order that I received when I made a motion to recall the sentence. But the question isn't whether or not which, which order petitioner is challenging. The question is under Magwood, has there been a new judgment? And nothing. Why isn't the denial order a new judgment? Because there's been no change in the sentence. In other words, we look at what. In other words, if you win, if the judge, if the judge, I'm sorry. If the judge were to grant a resentencing, then the winner who got a resentencing could appeal. But if the judge denies, and has no reason to, but could. But if the judge denies the resentencing, then the loser doesn't have a right to come to an appellate court. The short answer is yes. When a, if somebody has had, has obtained relief, like in Magwood, the petitioner had received some sort of relief. It was sent back for a new sentencing hearing. And then the petitioner was resentenced. That created an intervening new judgment. But simply. So the key words are intervening new judgment. That's correct, Your Honor. What about under the California Penal Code? Isn't it enough that a judgment or a decision that affects substantial rights of the prisoner or petitioner, an order that does that, doesn't that trigger the right to appeal? It, it does trigger the right to appeal. In California, the, the, what you're referring to is Penal Code Section 1237. And the California Supreme Court case in Teal did say that a denial is, of a Three Strikes Reform Act, is a, an appealable order. But in 1237, it says any, any order that is, that affects the substantial rights of a defendant that is after judgment. In other words, it distinguishes an order from a judgment. And, and under Magwood, we're talking about judgments, not orders. And I. Could he have raised this issue in his original petition? No. No, Your Honor. Your argument makes no sense. Well. I just, I'm sorry. Congress was, was set up the rules in terms of when a second or successive petition can be filed. And under 2244B2, they set that out. And I would point out that if, if it really comes down to, well, what, what is it that the petitioner seeks to challenge? Is it some later order? Well, what about the denial of a state habeas petition? A petitioner could say, well, I'm not challenging my original judgment. I want to challenge the denial of my state habeas petition. So I'm challenging something different. And I get to bring that. The simple fact is. The problem I have, it's clear as I understand what happened when, when the voters passed the, the provisions that modified the three strikes law. Prisoners who believed that they qualified for relief could seek relief from the superior court. Correct? That's correct, Your Honor. Right? And that provided us, as Cal Supreme Court has recognized, a set of substantial rights for these prisoners who might benefit from the change in the law. Correct? Sure. Which is, you know, it is linked. If they prevail, they will be able to get a change in their judgment. But if they don't prevail, then the California, the California courts look at that as a, as a uniquely different animal. And the prisoners are allowed to seek appellate relief. Correct? There indeed. Right. So, I don't see why it's a new proceeding. It's not an attack on the original judgment. It's independent and apart from that. Why that qualifies as a successive petition. In, in my view, it's, it qualifies, you know, the cases where we have recognized an independent judgment, notion, the idea of an independent judgment. This fits into that scheme. So, it's not barred. That is, that is, he doesn't have to obtain an order from the Ninth Circuit saying, okay, you know, go ahead and file your, your petition. It's just not a successive petition. Your Honor, I believe that, again, that there has to be some, if there hasn't been any change in a sentence, there hasn't been a change in the judgment. And I think the notion of the judgment is much broader than what you're giving. You're, you're saying, well, there has to be a specific change in the sentence. Yes. And I think that's what Magwood recognizes as well as the Sixth Circuit in Stansell, that there has to be, without some sort of change in the sentence, there is no change, there is no intervening new judgment. A denial order doesn't create something. It doesn't create a new judgment. The question, a judgment is, why is that person in custody today? It's as a result of the judgment. That judgment for this defendant is the 1997 judgment. He's in custody today for that period of time because of the denial of his motion to have his sentence reduced because of an intervening change in the law, which was intended to benefit people just like him. Now, he, he, Your Honor, he's in custody pursuant to that judgment, not pursuant to a new sentencing order. And, and again, I say Well, the denial of a sentencing, the denial, an order denying resentencing. So if he was entitled to be released in January of 2017, if he was entitled to be released in January of 2020, but had the motion been granted, he would have been entitled to be released January 2017. After January 1st, less than a month from now, he would be in custody because of the intervening event of the denial of his request for resentencing under the revised California law that was intended to benefit people just like him. That's why he would be in custody after the release date he should have gotten under this statute, in my hypothetical. Yeah, I would certainly say it wasn't intended to benefit someone like him. I would take issue with that. His current crimes, he's clearly ineligible under the statute. He's convicted of robbery and carjacking. We're talking about a very, very separate, unique aspect of habeas corpus. Some theoretical defendant that could be benefited. If you dive down deep into the merits of his claim, he may not have a claim. We're not talking about that. Yeah, which is why I was just commenting that it's not to benefit someone like this defendant. My hypothetical. And I would say if a, again, if a, and I come back to the state habeas petition, if a petitioner could file a state habeas claim based on new evidence that he didn't have before and then that gets denied, that doesn't create a new judgment. Now, if that factual predicate couldn't have been discovered. As I recall, the problem with my work here is that there's so many cases and whatnot. I looked at this a while back. But when I looked at, earlier I said that under Magwood judgment had a broader meaning. And maybe what I should have said is that I think what Magwood says is you can look to the state court to see how the state court treats that order. Do they treat it as a judgment? And they allow a separate appeal from it. Now, I realize that California has different rules with respect to what's appealable and what's not appealable and whatnot. But they sure looked at this and said it was appealable. They treated it as something different. But saying something's appealable is not the same as saying it's a new judgment. And, in fact, Penal Code Section 1237 specifically talks about orders made after judgment that affect substantial rights. This is one such order. It's an order after the judgment. But Magwood's focus isn't on has there been a new order that affects substantial rights. Magwood talks about judgments. What's so unique about the word judgment? That's what the U.S. Supreme Court looked at when it talks about what creates a new opportunity to go outside of the ordinary time. Because he's filed the first petition. The question is, is there some sort of way of escaping 2244B2? And Magwood said, well, yeah, if there's been a new intervening judgment. Isn't there a case law that says, and I can't remember whether it's the Supreme Court or the Ninth Circuit, that says if it were a denial of parole as opposed to, in your view, this kind of a denial, you would have a right to be here? That is the Hill case, Your Honor. And that case is very distinguishable. In that case, what happened was he received he got a sentence of seven years. And given his good time credits, he was actually released and out of custody. But then he violated the terms of his release, and he was brought back in. And then there was a mandatory parole law in that state that said you now have to go serve those days. And Hill, although he had challenged his original judgment and sentence of seven years, he then wanted to challenge this parole scheme. And the only reason he was in custody, because he had already served his seven years, was because of the parole scheme. And this Court said that he didn't need to go through the SOS requirements. This is totally different because it's not where he's challenging. In this case, he's saying my sentence of 25 years needs to be reduced. Hill didn't say his sentence of seven years needed to be reduced. So essentially what the defendant in Hill is totally unlike our defendant here for that reason. Okay. What's your position on the second issue that we raised when the motions panel referred this to the merits panel? They raised the question of should we consider cognizability. It's really separate, right? It's a separate question. Well, if this Court believes, as the warden does, that he needs to go through and get authorization to file a petition, then, yes, this Court considers whether or not a constitutional claim has been raised. And I would point out that none has been raised in this case because his liberty interest argument, liberty under Swarthout v. Cook, there has to be some allegation that there's been a denial of procedural due process. In that case, we're dealing with California's discretionary parole system. The Court said that means an opportunity to be heard and a giving of reasons. There's been no allegation in this application in front of this Court. Well, we don't want to get in a situation where we're looking at the merits. Well, I'm not talking about the merits. I'm not getting to the fact that ultimately he doesn't qualify under the state law. I'm just saying that nothing he presented either in the 2014 petition, which was denied by the district court and the COA was denied by this court, he's now come forward with this application for authorization. And there's nothing in this application for authorization to file a second or successive petition, which is what started this Court's asking for a response, that says anything, really. It doesn't say that he was denied in any way an opportunity to be heard, that he wasn't provided a statement of reasons, that he was a blanket statement of a liberty interest doesn't allege a federal claim. You know, every time I sit on a motions panel and we have to rule on whether or not there's a petition is a successive petition, we're looking to see what he's challenging, not the merits or not whether it's cognizable, and just answer the question, is it a success? Does this qualify as a successive petition? And then if we say, if we allow it to go forward, we say, no, it's not, or it qualifies, we'll let it go forward, and we let it, send it down to the district court, then the district court can say, oh, you know, it's not cognizable or it doesn't state a claim or whatever. Well, whether it qualifies to meet the standard for a second or successive is clearly different from whether or not he has to get authorization, and on that point, again, it's not the order that he's aiming at, the one that he disagrees with or the one he challenges. That's not the question. The question when it comes to second or successive is whether or not there's been an intervening new judgment, and under Magwood, there has been no intervening new judgment in this case. Okay. So if we disagree with you on that, wouldn't we just say this is not a successive petition, go to the district court, and you can raise any arguments you have. It's not cognizable. There's no, it's a non-meritorious petition or whatever. Yeah, if this court were to find that he doesn't have to get authorization, then there's nothing for this court to do. Right. I agree with that. Okay. Thank you. Thank you, Your Honor. Two very quick points, Your Honor. Hill is not distinguishable, and I would direct the court to United States versus, and I'm going to murder this name, Benistro. It's a 2010 case by the Ninth Circuit, and it had to do with something, the facts of the case and the holdings of the case were not exactly on point, and so it wasn't cited before. It was a question of reopening an ineffective assistance of counsel claim on a Rule 60, on a 2255 motion. But the court noted, and I'm going to quote this, prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded. A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like, because the claims were not ripe for adjudication at the conclusion of the petitioner's first federal habeas proceeding. And in that case, this court cited both Hill and Magwood. The second point I'd like to make is, if this requires a second or successive petition, the court is essentially ruling that there is no remedy whatsoever for a denial of a... No habeas remedy. No, I'm sorry. Obviously, no habeas remedy for the denial. You can appeal to state courts. Certainly are. But there will be no federal habeas remedy in any of these cases, regardless of the underlying merits. Thank you, Your Honor. Okay, thank you. Thank you, counsel. We do appreciate your arguments. And the matter is submitted.
judges: Reinhardt, Paez, Friedman